I respectfully dissent from the majority's disposition of Assignment of Error I. The majority concludes that R.C. 2950.09
(C) (1) is unambiguous on its face, and is not restricted to a reading of "serving a term of imprisonment for a sexually oriented offense." I would conclude that the language "if a person was convicted of or pleaded guilty to a sexually oriented offense" must necessarily restrict the phrase "serving a term of imprisonment." To hold otherwise would allow the court to make a finding that a person who is incarcerated for a non-sexually oriented offense is a sexual predator, years after he completed a sentence for a sexually oriented offense, with a period of release separating the two sentences. Such a result is untenable, and does not promote the intent of the legislature to protect the community when a sexual offender who is likely to re-offend is released. I would also conclude that appellant has in fact completed his sentence for gross sexual imposition. Ohio Administrative Code 5120-2-03 (C) provides that when multiple determinate sentences are imposed to run concurrently, the offender is deemed to be serving the longest of the sentences. Similarly, Ohio Administrative Code 5120-2-03(D) provides that when multiple indeterminate sentences are imposed to run concurrently, the prisoner is deemed to be serving an indeterminate term, the minimum and maximum of which is the longest of the minimum and maximum terms imposed. The regulations do not address the instant situation, where the concurrent sentences are a mix of determinate indeterminate sentences. However, I would conclude that the logical extension of the regulations is that appellant is serving the longest of the two terms, which is the indeterminate term in the instant case. I would reject the State's argument that the determinate term should be deemed to be served at the tail end of the indeterminate sentence, as if appellant was incarcerated solely for gross sexual imposition, he would have been released before the recommendation that he be adjudicated a sexual predator. Accordingly, I would conclude that the court did not have jurisdiction to adjudicate appellant to be a sexual predator. I would sustain the first Assignment of Error, and vacate the judgment of the trial court.